CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
ONEGO SHIPPING & CHARTERING B.V.
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ONEGO SHIPPING & CHARTERING B.V.,

                                        Plaintiff,

                                                                    08  CV  _____  (____)

                 v.
                                                                    **VERIFIED COMPLAINT**

JSC ARCADIA SHIPPING,
and KAALBYE SHIPPING INT, LTD.

                                        Defendants.
-------------------------------------------------------------------X

        Plaintiff ONEGO SHIPPING & CHARTERING B.V. (hereinafter "ONEGO"),

by its attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint against the

Defendants, JSC ARCADIA SHIPPING (hereinafter "ARCADIA") and KAALBYE

SHIPPING INTERNATIONAL, LTD. (hereinafter "KAALBYE"), alleges upon

information and belief as follows:


                                        JURISDICTION

        1.        This is an admiralty and maritime claim within the meaning of Rule 9(h)

of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and

maritime jurisdiction pursuant to 28 U.S.C. § 1333.

THE PARTIES

2.      At all times material hereto, Plaintiff ONEGO was and still is a foreign

business entity duly organized and existing pursuant to the laws of the Netherlands with

an office and principal place of business at Spui 24, Rhoon, 3161, The Netherlands.

3.      At all times material hereto, and the primary business of ONEGO is to

charter and operate ocean going vessels for the carriage of cargo in exchange for

payments of hire or freight.

4.      At all times material hereto, Defendant ARCADIA was and still is a

foreign business entity duly organized and existing pursuant to the laws of the West

Indies, with an office and principal place of business at Egmond Street, Kingstown St.

Vincent, West Indies.

5.      At all times material hereto, the Defendant ARCADIA was the registered

owner of the vessel MV SOCOL 3.

6.      At all times material hereto, Defendant KAALBYE was and still is a

foreign business entity duly organized and existing pursuant to the laws of the British

Virgin Islands, with an office and principal place of business at 8th Floor, Maritime

Business Centre, 10 Bunina Street, Odessa, Ukraine.

7.      At all times material hereto, the Defendant KAALBYE was the

commercial and technical manager of the vessel MV SOCOL 3.

BACKGROUND

8.      On February 12, 2008, the Plaintiff ONEGO time chartered the vessel MV

SOCOL 3 from Defendant ARCADIA pursuant to a Fixture Recap which incorporated by

reference the terms and condition of a Time Charter, dated October 13, 2006, between

ONEGO and Silver Streams Ltd., S.V.G.

9.      The Fixture Recap, dated February 12, 2008, constitutes a maritime

contract between the Plaintiff ONEGO and the Defendant ARCADIA.

10.     In accordance with the terms and conditions of the maritime contract, the

Plaintiff ONEGO chartered the MV SOCOL 3 to carry a cargo of timber products from

the port of Kokkola, Finland to the port of Alexandria, Egypt.

11.     In accordance with the terms and conditions of the maritime contract, the

Plaintiff ONEGO was obligated to pay daily hire for the use of the M/V SOCOL 3 to the

Defendants ARCADIA and/or KAALBYE.

12.     In accordance with the terms and conditions of the maritime contract, the

Defendants ARCADIA and KAALBYE were responsible, in their capacities of owner,

disponent owner and/or manager, were responsible to provide a stable and seaworthy

vessel to carry the Plaintiff ONEGO's cargo.

13.     The maritime contract between the plaintiff ONEGO and Defendants,

dated February 12, 2008 provides, at clause 45, that any disputes arising out of the

maritime contract shall be governed by English law and shall be referred to arbitration in

London.

14.     ONEGO's cargo of timber products was loaded on board the M/V SOCOL

3, and the vessel sailed from Kokkola at the end of February, 2008.

15.     Upon information and belief, the M/V SOCOL 3 departed from the Port

of Kokkola in an extremely unstable condition, due to cargo that should have been

stowed in the holds being stowed on deck and due to the vessel being insufficiently ballasted for the amount of the deck cargo that had been loaded.

16.    While underway through the Kattegat Straits enroute to Alexandria, the M/V SOCOL 3 encountered adverse weather conditions and, concurrently, the vessel experienced problems with its main engine whereby the main engine "tripped."

17.    As a consequence of the improper stowage of cargo, the insufficient ballast, the adverse weather and the failure of the main engine, the cargo stowed on the deck of the M/V SOCOL 3 shifted on March 1, 2008 and some of that cargo was lost at sea.

18.    As a consequence of the cargo shifting and problems with the main engine, the M/V SOCOL 3 was directed to the port of Halmstad, Sweden for emergency repairs, the discharge of cargo and the re-stowage of the cargo before the vessel could resume its voyage to Alexandria, Egypt.

AS AND FOR A CAUSE OF ACTION
FOR BREACH OF MARITIME CONTRACT

19.    The Defendants ARCADIA and KAALBYE failure to present the M/V SOCOL 3 in a stable and seaworthy condition at Kokkola for the intended voyage constituted a breach of the maritime contract on the part of Defendants ARCADIA and KAALBYE and, in particular, the Defendants breached the contractual obligation to exercise due diligence to provide a seaworthy vessel at the commencement of the voyage, the Defendants breached the contractual obligation to maintain the vessel in a seaworthy condition during the voyage and vessel Master's errors and/or failings and/or lack of

4

knowledge with regards to stability calculations constitute a breach and/or default of the charter party.

20.      The Plaintiff ONEGO suffered losses and damages that were proximately caused or contributed to by the breach of contractual obligations on the part of Defendants ARCADIA and KAALBYE.

AS AND FOR A SEPARATE AND INDEPENANT<br>CAUSE OF ACTION  FOR NEGLIGENCE AGAINST DEFENDANT KAALBYE

21.      In its capacity as manager of the M/V SOCOL 3, the Defendant KAALBYE had an obligation, independent of any direct contractual obligations, to the Plaintiff ONEGO to maintain the M/V SOCOL 3 in a seaworthy condition, to properly manage the M/V SOCOL 3 during the voyage from Finland to Egypt and to properly care for the cargo shipped on the M/V SOCOL 3 during the voyage from Finland to Egypt.

22.      The Defendant KAALBYE failed to maintain the M/V SOCOL 3 in a seaworthy condition, the Defendant KAALBYE failed to properly manage the M/V SOCOL 3 and the Defendant KAALBYE failed to properly care for the cargo shipped on board the M/V SOCOL 3.

22.      The Plaintiff ONEGO suffered losses and damages that were proximately caused or contributed to by the fault, neglect and want of care on the part of the Defendant KAALBYE.

23.      The Defendant KAALBYE, in is capacity as vessel manager, is jointly and severally liable under a cause of action for negligence for the Plaintiff's damages.

## AS AND FOR A CLAIM FOR DAMAGES

24.     As a consequence of the breach of maritime contract and negligence on the part of the Defendants, the Plaintiff ONEGO sustained damages including direct damages and consequential damages.

25.     The damages sustained by Plaintiff ONEGO include, *inter alia*: the loss of a portion of the cargo that fell into the sea; the cost for stevedore services to discharge the cargo at the repair port; the costs for stevedore services to prepare and re-pack the damaged cargo at the repair port; the costs for labor and materials to re-lash and re-secure the cargo at the repair port; the expenses incurred for supercargo services at the repair port, which were necessary to supervise the discharge and re-stowage of cargo; the cost and expense of additional surveys and stability calculations at the repair port; the costs incurred to repair the vessel; the off-hire of the M/V SOCOL 3 and the fuel that the vessel consumed during the 38.94 days that the vessel was as the repair port undergoing repairs, discharging and re-stowing cargo; and, for the non-delivery of a portion of the cargo, which was left at the repair report by Defendants ARCADIA and KAALBYE.

26.     As best as can be ascertained at this time, the Plaintiff ONEGO's damages for the items detailed in paragraph 25, after accounting for hire payments made and credits for fuel, amounts to $ 547,539.10 and the Plaintiff ONEGO has a maritime claim against both ARCADIA and KAALBYE for that amount.

27.     In accordance with the terms and conditions of the charter party, the Plaintiff ONEGO has commenced arbitration proceedings against Defendants ARCADIA and KAALBYE in London to pursue its maritime claims against Defendants ARCADIA and KAALBYE.

28.     Interest and costs, including attorneys' fees, are routinely awarded to the prevailing party in London arbitration because they are recoverable damages in arbitration pursuant to the London Maritime Arbitration Association's rules.

29.     As best as can now be estimated, the plaintiff ONEGO expects to recover the following amounts in London arbitration from Defendants ARCADIA and KAALBYE:

| | | | | |
|---|---|---|---|---|
| A. | Principal claim | US$ | $ 547,539.10 |
| B. | Interest on the principal claim until award: | US$ | 133,360.63 |
| C. | Estimated attorneys' fees for arbitration: | US$ | 100,000.00 |
| D. | Estimated arbitration costs/expenses: | US$ | 25,000.00 |
| **Total** | | **US$** | **$  805,899.73** |

## PRAYER FOR RELIEF

30.     Notwithstanding the fact that the liability of the Defendants is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District and held by various parties, as garnishees.

31.     Plaintiff ONEGO believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits;

and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

32.     As set forth in the accompanying affidavit of Owen F. Duffy, the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

33.     Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendants and because the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendants and/or *quasi in rem* jurisdiction over the property of the Defendants so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A.     That the Defendants be summoned to appear and answer this Verified Complaint;

B.     That the Defendants not being found within this District, as set forth in the Affidavit of Owen F. Duffy, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

8

C.     That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* **$ 805,899.73**, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D.     That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated:  Port Washington, New York
        April 25, 2008

                                CHALOS, O'CONNOR & DUFFY, LLP
                                Attorneys for Plaintiff,
                                ONEGO SHIPPING & CHARTERING B.V

By:     _____

                                Owen F. Duffy (OD-3144)
                                George E. Murray (GM-4172)
                                366 Main Street
                                Port Washington, New York 11050
                                Tel:  (516) 767-3600 / Fax:  (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
ONEGO SHIPPING & CHARTERING B.V.
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ONEGO SHIPPING & CHARTERING B.V.,

                                    Plaintiff,

                                                          08 CV _____ (____)
                v.
                                                          **VERIFICATION**

JSC ARCADIA SHIPPING, and KAALBYE SHIPPING
INT, LTD.,

                                    Defendants.
-----------------------------------------------------------------X
STATE OF NEW YORK        :
                         : ss.
COUNTY OF NASSAU         :

        BEFORE ME, the undersigned authority, personally came and appeared Owen F.

Duffy who, after being duly sworn, did depose and state:

        1.      That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP,

counsel for the Plaintiff, ONEGO SHIPPING & CHARTERING B.V., herein;

        2.      That he has read the foregoing complaint and knows the contents thereof;

        3.      That he believes the matters to be true based on documents and

information obtained from employees and representatives of the Plaintiff through its

agents, underwriters and attorneys; and

4.      That the reason that this verification was made by deponent and not by the

Plaintiff is because Plaintiff is a foreign corporation, whose officers' verification could

not be obtained within the time constraints presented by the circumstances of this case.


Dated: Port Washington, New York
        April 29, 2008

                              CHALOS, O'CONNOR & DUFFY, LLP
                              Attorneys for Plaintiff,
                              ONEGO SHIPPING & CHARTERING B.V

                    By:

                              _____
                              Owen F. Duffy (OD-3144)
                              366 Main Street
                              Port Washington, New York 11050
                              Tel:   (516) 767-3600
                              Fax:  (516) 767-3605
                              ofd@codus-law.com


Subscribed and sworn to before me this
April 29, 2008

_____
Notary Public, State of New York

          TIMOTHY SEMENORO
     NOTARY PUBLIC, STATE OF NEW YORK
           NO. 02SE6112804
       QUALIFIED IN NASSAU COUNTY
     COMMISSION EXPIRES JULY 12, 2008

2